[Cite as *Kresevic v. Kimmel*, 2026-Ohio-3095.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KAREN KRESEVIC

    Appellant

    v.

SHALEAH KIMMEL

    Appellee

C.A. No.     31616

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2023-01-0031

DECISION AND JOURNAL ENTRY

Dated: August 12, 2026

STEVENSON, Judge.

{¶1}     Appellant Karen Kresevic appeals from the judgment of the Summit County Court of Common Pleas finding that her claims are barred by the statute of limitations under R.C. 2723.01 and granting summary judgment in favor of Appellee Shaleah Kimmel, in her official capacity as Tax Commissioner of the City of Akron, Ohio ("the City"). This Court affirms.

I.

{¶2}     The underlying facts in this case are undisputed. Ms. Kresevic was employed by Inpatient Medical Services, Inc., an Alteon Health Managed company ("Alteon") and she worked at Akron City Hospital located in the City of Akron. Ms. Kresevic did not live in Akron while working for Alteon but she paid municipal income taxes to Akron for the wages earned while physically working within the City limits.

{¶3}     Alteon terminated Ms. Kresevic's employment in July 2020. Ms. Kresevic challenged the termination as wrongful and she reached a monetary settlement with Alteon in June

2021. Alteon issued a one-time payment to Ms. Kresevic and, pursuant to the parties' "**EMPLOYMENT TERMINATION AGREEMENT AND RELEASE OF ALL CLAIMS**[,]" the issued payment was "payable to [Ms. Kresevic] as W2 wage losses[.]" The parties' settlement agreement further required that "[l]egally required tax withholdings and deductions will be deducted from the Payment." Alteon withheld 2.5% in municipal income tax from the payment and it remitted the tax to the City in July 2021.

{¶4}     Ms. Kresevic requested a refund of "the Akron City 2021 tax withholding" on May 2, 2022. The trial court found that this May 2022 request "was the first communication from Ms. Kresevic to the City . . . indicating she was requesting a refund or otherwise objecting to the City['s] . . . collecting municipal tax from the settlement." Ms. Kresevic does not dispute this finding on appeal. The City denied Ms. Kresevic's request for a refund on July 11, 2022.

{¶5}     Ms. Kresevic filed a complaint for declaratory relief against the City on January 5, 2023.[1] Ms. Kresevic alleged that the City's collection of municipal income tax in June 2021 was illegal "UNDER R.C. 2723.01[.]" The City filed an answer denying the allegation and Ms. Kresevic and the City both moved for summary judgment after engaging in discovery. The trial court denied Ms. Kresevic's motion for summary judgment, granted the City's motion for summary judgment, and dismissed the complaint with prejudice. Ms. Kresevic appeals, asserting four assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR NO. 1:**

**THE TRIAL COURT ERRED WHEN IT DETERMINED THAT MS. KRESEVIC'S CLAIM IS TIME-BARRED.**

---

[1] The complaint named Patricia Chittok, in her official capacity as tax commissioner for the City, as a defendant. Shaleah Kimmel, in her official capacity as acting tax commissioner for the City was later substituted as the defendant.

{¶6}     Ms. Kresevic argues in her first assignment of error that the trial court erred when it found that her claim for a refund of the municipal income tax that was remitted to the City in July 2021 is time-barred. We disagree.

**Summary Judgment Standard of Review**

{¶7}     This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the nonmoving party and must resolve any doubt in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). "A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor." *Jones v. Soto*, 2023-Ohio-3107, ¶ 26 (9th Dist.), citing *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶8}     The Supreme Court of Ohio has set forth the nature of the burden-shifting paradigm of a motion for summary judgment as follows:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the

nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

## Analysis

{¶9} Ms. Kresevic acknowledges that "R.C. 2723.01 is the appropriate path" in this case considering she is challenging the legal authority of the City to collect the tax. It is her position that the one-year statute of limitations did not begin to run until the City denied her request for a refund, reasoning that "there is no illegal tax collected until the City refuses to grant the refund." The City argues that the trial court correctly applied the plain language of R.C. 2723.01 and found that the statute of limitations began to run when the municipal income tax was remitted to and collected by the City on July 15, 2021.

{¶10} The Ohio Supreme Court has held that "R.C. 2723.01 *et seq.* provide[s] the exclusive means by which a taxpayer may . . . demand that the [taxing authority] refund erroneously collected taxes." *Ryan v. Tracy*, 6 Ohio St.3d 363, 366 (1983). Ms. Kresevic filed her complaint "UNDER R.C. 2723.01 . . . TO RECOVER ILLEGAL TAX" and she acknowledges on appeal that R.C. 2723.01 is the applicable statute in this case. R.C. 2723.01 states:

> Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had **unless the action is brought within one year after the taxes or assessments are collected**.

(Emphasis added.) The requirements set forth in R.C. 2723.01 are mandatory. *Boler v. Rittman*, 2025-Ohio-5780, ¶ 21 (9th Dist.) (trial court properly granted summary judgment in favor of the

city where "Taxpayers did not comply with the mandatory requirements of R.C. 2723.01."); *Ryan* at 367.

{¶11} When interpreting a statute, the court begins by reviewing its plain language. *State v. Chappell*, 2010-Ohio-5991, ¶ 3, 16. "When the meaning of a statute is clear and definite, it must be applied as written." *State v. Bertram*, 2023-Ohio-1456, ¶ 11. "'To determine the plain meaning of a statute, a court relies on the definitions provided by the legislative body.'" *Id.*, quoting *Lingle v. State*, 2020-Ohio-6788, ¶ 15. "'When a term is not defined in the statute, we give the term its plain and ordinary meaning.'" *Id.*

{¶12} The term "collected" is not defined in R.C. 2723.01 *et seq.* In determining the plain and ordinary meaning of this term, the trial court looked at Merriam-Webster where "collect" is defined as "to gather or exact from a number of persons or sources[.]" *Merriam-Webster Online,* https://www.merriam-webster.com/dictionary/collect (accessed June 23, 2026). We agree that definition is the plain and ordinary meaning of "collected" in the context of R.C. 2703.01 *et seq*.

{¶13} There is no dispute that Alteon withheld and remitted the municipal income tax to the City in July 2021, and that the City received the taxes at that time. It is difficult to determine any other time under R.C. 2723.01 that fits the plain and ordinary definition of "collects" other than when the City receives the taxes. Ms. Kresevic does not point to any case law or other authorities that adopt a different definition of "collect" under the statute. There is also no dispute that Ms. Kresevic did not file her complaint against the City until January 5, 2023. The trial court found that "the City of Akron collected the taxes at issue in this case in July 2021, more than one year prior to Ms. Kresevic filing her Complaint" and that, therefore, "her claim is time barred." In light of the undisputed facts and unambiguous statutory language, we cannot say that the court erred when it granted the City summary judgment.

{¶14}  Ms. Kresevic contends that municipal taxes are not collected and paid "until the City refuses to grant the refund." She cites H.B. 110, R.C. 718.03, and Akron Municipal Ordinance 104.01 to support her position that she "would not have had any case to bring until the City denied her refund." The City cites other Akron Municipal Ordinances to support its claim that taxes are collected when they are withheld, however its primary argument is that the language of R.C. 2723.01 requiring actions to be filed one year after taxes are collected is plain and unambiguous. Where "the meaning of the statute is unambiguous and definite, further interpretation is not necessary and a court must apply the statute as written." *Frye v. Am. Honda Motor Co.*, 2022-Ohio-878, ¶ 7 (9th Dist.), citing *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000). "[A]bsent an initial finding that the language of the statute" is unambiguous, it would be "inappropriate" for the court to look at other sources and to interpret the statute. *Dunbar v. State*, 2013-Ohio-2163, ¶ 16. Further, "[a]n appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and legal authority." *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.), citing App.R. 16(A)(7). Ms. Kresevic has not cited any legal authority showing that R.C. 2723.01 is ambiguous.

{¶15}  Ms. Kresevic's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2:

**THE TRIAL COURT ERRED WHEN IT DETERMINED THAT MS. KRESEVIC VOLUNTARILY PAID THE TAX.**

{¶16}  Ms. Kresevic argues in her second assignment of error that the trial court erred when it determined that she voluntarily paid the municipal income tax. We disagree.

{¶17}  We incorporate the summary judgment standard of review set forth in Ms. Kresevic's first assignment of error.

{¶18} The trial court also found in granting the City's motion for summary judgment that "Ms. Kresevic voluntarily paid the taxes," and that the voluntary payment bars an action to collect the taxes under R.C. 2723.03. It found that Ms. Kresevic "did not make a written protest and give notice of intent to sue at the time that the taxes were remitted to the City" as required by the statute.

{¶19} R.C. 2723.03 provides in relevant part:

> If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he or the corporation or deceased person whose estate he represents, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid.

{¶20} The Ohio Supreme Court has interpreted R.C. 2723.03 and has provided:

> The provisions of R.C. 2723.03, relating to the filing of a written protest and notice of intention to sue, are mandatory and a failure to comply with them shall bar an action brought under R.C. 2723.01 *et seq.* to recover previously paid taxes or assessments.

*Ryan*, 6 Ohio St.3d at syllabus. The Court held in *Ryan* that "the court has no option but to bar an action brought pursuant to R.C. 2723.01 *et seq.* where the plaintiff has failed to comply with the mandatory requirements of R.C. 2723.03." *Id.* at 367; *Boler*, 2025-Ohio-5780, at ¶ 18 (9th Dist.).

{¶21} Ms. Kresevic contends in her second assignment of error that she did not voluntarily pay the municipal income tax to the City and that the taxes on her July 2021 payment were not finalized until she filed her tax return. She argues that "to read [R.C.] 2723.03 to limit recovery so stringently would defeat any reasonable taxpayer's challenge under the traditional tax withholding scheme." The City maintains Ms. Kresevic failed to comply with the statutory mandates of R.C. 2723.03 and that the trial court properly granted summary judgment in its favor.

{¶22} There is no dispute that Ms. Kresevic did not file a written protest and notice of intent to sue as required by R.C. 2723.03 when her municipal income tax was remitted to the City

in July 2021. Ms. Kresevic does not allege nor did she show that she did so in her response to the City's motion for summary judgment. Further, even if this Court agreed that "collected" under R.C. 2723.01 occurred when Ms. Kresevic filed her tax return, there is no dispute that she did not file a written protest or notice of intent to sue when she filed her return. Thus, even if we agreed with her that the filing of her tax return in May 2022 established the time of her taxes were collected for statute of limitation purposes, she did not file the statutorily mandated intent to sue as required at that time. Nor did she file a written protest and intent to sue when she was notified the City denied her request for a refund in July 2022. In short, Ms. Kresevic does not allege she ever filed a notice of intent to sue prior to filing her lawsuit. The written protest and intent to sue required to be filed under R.C. 2723.03 cannot be the filing of the lawsuit. Therefore, we cannot say that the trial court erred when it granted summary judgment in favor of the City. *See Boler* at ¶ 21 (9th Dist.) (summary judgment properly granted where taxpayers did not file a written protest and notice of intent to sue when they paid their municipal income taxes as required by R.C. 2723.03). Ms. Kresevic's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3:

**THE TRIAL COURT ERRED WHEN IT DENIED MS. KRESEVIC'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE SETTLEMENT PROCEEDS ARE NOT TAXABLE INCOME UNDER THE CITY OF AKRON'S TAX ORDINANCE OR THE OHIO REVISED CODE.**

### ASSIGNMENT OF ERROR NO. 4:

**THE TRIAL COURT ERRED WHEN IT DENIED MS. KRESEVIC'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE IS NO FISCAL RELATION BETWEEN THE TAX IMPOSED ON MS. KRESEVIC AND THE CITY OF AKRON.**

{¶23} Ms. Kresevic argues in her third assignment of error that the trial court erred when it denied her motion for summary judgment because the settlement proceeds are not taxable

income under the City's tax ordinance or the Ohio Revised Code. She argues in her fourth assignment of error that the trial court erred when it denied her motion for summary judgment because there is no fiscal relation between the tax imposed on her and the City. Ms. Kresevic had raised these arguments in her motion for summary judgment, but the trial court did not address these issues when it granted the City's motion for summary judgment.

{¶24} The third and fourth assignments of error have been rendered moot by our disposition of the first and second assignments of error; accordingly, we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶25} Ms. Kresevic's first and second assignments of error are overruled. Based on this Court's resolutions of the first and second assignments of error, the third and fourth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

—————————————————
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JAY R. CARSON and DAVID C. TRYON, Attorneys at Law, for Appellant.

BRIAN T. ANGELONI, Director of Law, and JACQUENETTE S. CORGAN and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.